REGAN, Judge.
The plaintiff, Louisiana State Department of Highways, instituted this expropriation suit against the defendant,[1] Bernard E. Welsh, endeavoring to he declared the owner of four lots of ground together with the improvements existing thereon which property is to be used for the purpose of constructing a portion of the Kenner-New Orleans Interstate Highway and its appurtenances on State Route 1-10, pursuant to Article VI, Section 19.1 of the Louisiana Constitution of 1921 and R.S. 48:441-48:-460.[2]
The plaintiff deposited the sum of $50,-700.00 in the registry of the court as just and adequate compensation for the property expropriated, which the defendant, in due course, withdrew therefrom.
The defendant then answered and asserted that adequate compensation for the property taken was $76,000.00 and therefore reconvened for the additional sum of $25,-300.00.
From a judgment in favor of the plaintiff confirming the fact that $50,700.00 represented adequate compensation and the market value of the property taken, and which also dismissed the reconventional demand, the defendant has prosecuted this appeal.
The record reveals that the property which forms the subject matter of this litigation consists of lots 33, 34, 35, and 36, Square 395, located in Lakeview Subdivision, in the city of New Orleans. The Square in which these lots are situated is bounded by Canal and Florida Boulevards, Louis XIV, and Kennelworth Streets, and the property is designated by the Municipal No. 5740 Canal Boulevard. Each lot measures 25 feet front on Canal Boulevard by a depth of 129 feet between equal and parallel lines. Thus, the total front footage existing on Canal Boulevard amounts to 100 feet. The defendant’s property extends to a service alley in the rear, which is 15 feet wide; his residence and garage were erected on the northern two lots of the parcel, and the southern two lots were unimproved.
The residence is located approximately 20 feet from the front property line. It was constructed in 1928 and the architecture thereof is of the Spanish type. The exterior is finished with stucco and the roof is of tile.
The interior of the property consists of a vestibule entrance, with living room and fireplace. In the rear wall of the living room, there is an arched opening serviced by a wrought iron gate, which divides it from a solarium with a terrazo floor and fountain.
The living room leads directly into a dining room, and there is also a breakfast room and kitchen on the first floor. In the rear of the kitchen is a pantry area, together with a servant’s bathroom. Slightly below the level of the first floor is a concrete basement, which contains a hot water type heating system and the laundry room. The second floor of the house consists of three bedrooms, two baths, and an enclosed porch.
In the rear of the residence is a garage with small storage rooms. On the west side thereof are two large oak trees which create a desirable area of shade.
The defendant’s property is located in a substantial residential area, with schools, shopping centers, and public transportation in close proximity.
*850 The evidence adduced in the lower court relative to the value of the foregoing property consisted of the testimony of five real estate men, who were accepted by the judge thereof as expert appraisers. In addition, the defendant offered the testimony of James J. Trapani, an expert in the field of contracting, as well as testimony of August J. Lanasa, an attorney and notary public. Lanasa’s testimony was offered to prove the legal and notarial cost of acquiring property, but he was not permitted to testify for the reason that the evidence sought to be adduced did not represent an element of market value.
All of the expert witnesses purported to use the market data approach by comparing the subject property with comparable sales in the area. In addition thereto, each of the experts adverted in one way or another to the replacement or cost approach in reaching conclusions of market value.
Succinctly stated, the plaintiff’s experts, Max J. Derbes, Jr., and L. X. Lamulle reached appraisals of $50,703.00 and $50,-715.00 respectively. Two of the defendant’s experts, Norman T. de Reyna and Phillip Zollinger, valued the property at $60,000.00, while the defendant’s third appraiser placed a value thereon of $65,478.00.
James J. Trapani, a contractor, testified on behalf of the defendant merely as to the value of the residence. He valued the replacement cost thereof including the garage at $35,838.00. However, the relevancy of this testimony is limited by the fact that his estimate was apparently made as of the day of the trial, and he did not allow for the factor of depreciation.
While each of the witnesses varied as to their appraisals, the defects of the house were substantially undisputed. It is clear that the heating system is obsolete, that the inlaid flooring was thin as the result of frequent sanding and the nails were exposed so that the mosaic pattern was outlined thereby, that there were cracks in the exterior stucco as the result of sinkage of the building, that the plaster interior needed extensive repair, and that the electrical and plumbing systems were old, outmoded, and revealed considerable wear and tear.
The foregoing illucidation reveals that the only question posed for the trial court’s consideration was one of fact. The judge thereof was confronted with the conflicting testimony of several or more experts all of whom testified in good faith as to the value of the expropriated property. The lower court obviously accepted the opinions of the plaintiff’s experts, and therefore concluded that the original price deposited in the registry of the court constituted just and adequate compensation for the property taken.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the opinions of the respective expert appraisers. The court in awarding compensation must determine the price for the property that would probably have been agreed upon by a willing buyer and a willing seller had the sale thereof been consummated at the time of the expropriation.[3] The trial judge accepted the plaintiff’s experts’ version thereof, and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendants [4] are to pay all costs incurred herein.
Affirmed.

. During the course of these proceedings, Mary Belle Welsh, Glassarian Welsh Hynes, and Margaret Welsh Yates were placed in possession of the defendant’s cause of action herein by judgment of possession- in the Succession of Sadie Simpson, wife of/and Bernard E. Welsh. On December 27, 1965, their motion to be substituted as parties defendant herein was granted.

. State Route La. 1-10 is a portion of the national system of interstate and defense highways.

. Saint Bernard Parish School Board v. Carolyn Park, Inc., La.App., 131 So.2d 351 (1961).

. See note 1, supra.